

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/26/06 05

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOHN L. LEWIS, et al.,                    :
                                          :
                        Plaintiffs,       :          **MEMORANDUM**
                                          :          **OPINION & ORDER**
        - against -                       :
                                          :          **05 Civ. 9243 (GBD) (RLE)**
RAYMOND CUNNINGHAM, et al.,                :
                                          :
                        Defendants.       :

**RONALD L. ELLIS, United States Magistrate Judge:**

*Pro se* plaintiffs, John L. Lewis ("Lewis") and Jimmy D. Smith, filed this lawsuit against

Raymond Cunningham, the Superintendent of Woodbourne Correctional Facility, and other

employees of that facility ("defendants") raising civil rights claims. In discovery, defendants

requested that Lewis and Smith execute authorization forms permitting access to their mental

health records. Lewis refused to sign the form, stating his position that the records were

unnecessary for this litigation. Defendants requested that the Court grant defendants' request for

Lewis's mental health records, pointing out that the plaintiffs had put their mental health at issue

by claiming damages for "mental anguish" caused by defendants' actions. *See* Second Amended

Complaint ¶¶ 91-93. In response, Lewis requested that the Court hold defendants' request for the

mental health records in abeyance until the damages phase of this litigation.

Lewis's request is denied, and defendants request is granted. First, the mental health

records are clearly relevant to the plaintiffs' claim for damages based on mental anguish.

Second, without an order pursuant to Federal Rule of Civil Procedure 42(b) separating the

liability and damages phases of this action into two proceedings, discovery on issues relevant to

plaintiffs' damages claim is proper at this time. *See, e.g.,* **Simon v. Philip Morris Inc.**, 200

F.R.D. 21, 27 (E.D.N.Y. 2001) ("Rule 42(b) provides that a judge may separate any issue of a cause of action, thus creating a series of component stages. Each issue is tried successively, with plaintiffs having to survive each step in order to progress to the next, and ultimately to be awarded any remedy . . .").

**IT IS HEREBY ORDERED THAT** defendants' request for access to Lewis's mental health records is **GRANTED**.

**SO ORDERED this 26th day of May 2006**
**New York, New York**

_Ronald Ellis_

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**