```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN L. LEWIS and JIMMY D. SMITH,            :    MEMORANDUM DECISION
                                             :         AND ORDER
                                             :
               Plaintiffs,                   :    05 Civ. 9243 (GBD)
                                             :
       -against-                             :
                                             :
RAYMOND CUNNINGHAM, et al.,                  :
                                             :
               Defendants.                   :
------------------------------------------------------------x
```

GEORGE B. DANIELS, District Judge:

     Pro se plaintiffs John L. Lewis and Jimmy D. Smith, prisoners incarcerated at Woodbourne Correctional Facility,[1] brought this civil rights action, pursuant to 42 U.S.C. § 1983, against defendants Raymond Cunningham, Steven Lowry, Peter Chiavaro, Dr. Frank Lancelotti, Dr. Mervat R. Makram, Denise Boyd, George Pataki, Glen Goord, Dr. Lester Wright, and the New York State Department of Correctional Services ("DOCS") (collectively "Defendants"). Lewis also alleges that he was retaliated against for filing grievances and otherwise complaining about prison conditions. Finally, plaintiffs seek to certify a class, pursuant to Fed. R. Civ. P. 23, for all similarly situated prisoners.

     Defendants moved to dismiss for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). The motion was referred by this Court to Magistrate Judge Ronald L. Ellis for a Report and Recommendation ("Report"). Magistrate Judge Ellis recommended that Defendants' motion to dismiss be granted as to all claims except for Lewis's deliberate indifference claims against defendants Cunningham, Lowry, Dr. Wright, and Chiavaro, in their individual capacities.

---

[1] After this lawsuit was filed and while the motion to dismiss was pending, plaintiff Lewis was released from custody.

Magistrate Judge Ellis also recommended that class certification be denied. No objections were filed and the time to do so has passed.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; Rivera v. Barnhart, 432 F.Supp.2d 271, 273 (S.D.N.Y. 2006). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted). The Court has reviewed the Report and finds that the Magistrate Judge's findings are not clearly erroneous. Therefore, the Report is adopted in full.

John L. Lewis is a now former inmate at Woodbourne who suffers from—and, while he was incarcerated suffered from—systolic heart failure. Jimmy D. Smith was and remains an inmate at Woodbourne, and he also suffers from systolic heart failure. Both plaintiffs were prescribed various medications, moderate exercise, and ordered to avoid heat, humidity, mental stress, and overexertion by prison physicians. Plaintiffs were also provided certain housing flats permits.[2] Plaintiffs now allege that prison officials failed to abide by the doctors' orders and were deliberately indifferent to their medical needs.

To the extent plaintiffs have sued Defendants in their official capacities, those claims are barred by the Eleventh Amendment and must be dismissed. See, e.g., Benjamin v. Schwartz, 299 F.Supp.2d 196, 199 (S.D.N.Y. 2004) (stating that the Eleventh Amendment bars recovery for an

---

[2] A "flats" permit is a permit intended to secure for an inmate a housing assignment with minimal need for stair climbing. Second Amended Complaint ¶¶ 47-48.

inmate's deliberate indifference claim brought against prison officials acting in their official capacity); U.S. Const. amend. XI.  In addition, because Lewis has been released from custody, his claims for injunctive relief are moot.

Next, with respect to Smith's claims, Magistrate Judge Ellis recommended that all his claims be dismissed because Smith failed to exhaust his administrative remedies.  See 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); see also Porter v. Nussle, 534 U.S. 516, 525 (2002).  This finding is not clearly erroneous.  DOCS has in place a three-step review process, known as the Inmate Grievance Program ("IGP").  See 7 N.Y.C.R.R. § 701.  Smith neither filed a grievance in accordance with DOCS's grievance procedures nor pursued other methods of complaint about his treatment by prison officials.  Therefore, Smith's claims are dismissed without prejudice to re-file a complaint after complying with the appropriate administrative procedures.  See Neal v. Goord, 267 F.3d 116, 123 (2d Cir. 2001).

Lewis, on the other hand, properly exhausted his administrative remedies.  The allegations in the complaint indicate that Lewis's grievance complaint sufficiently raised many of the same concerns now at issue in this lawsuit.  In addition, Magistrate Judge Ellis found that Lewis's failure to exhaust his deliberate indifference claim based on the medical trip and transfer procedures was justifiably excused.  This finding is not clearly erroneous.  Lewis alleges that both Cunningham and a supervisor at IGRC told him that filing a grievance was not the proper method to address Lewis's concerns.  Rather, Lewis alleges, he was told to address his complaints in a letter to Dr. Wright, the Chief Medical Officer at the Department of Health's

3

Office of Professional Medical Conduct.  Lewis alleges that he did just that.  These allegations, taken as true for the purpose of this motion, constitute special circumstances justifying Lewis's failure to exhaust his claim of deliberate indifference.  See Ciano v. Goord, 380 F.3d 670, 676 (2d Cir. 2004) ("'Special circumstances' may exist that amount to a 'justification' for not complying with administrative procedural requirements").

The Report also found that Lewis adequately stated a deliberate indifference claim against defendants Dr. Lancelottti, Dr. Makram, Nurse Boyd, Cunningham, Lowry, Chiavaro and Dr. Wright, but not as to defendants Pataki and Goord.  To state a claim for deliberate indifference to serious medical needs, a plaintiff must sufficiently allege both (a) that deprivation was "sufficiently serious," and (b) that the defendant acted with a "sufficiently culpable state of mind."  See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994).  "A defendant official acts with a culpable state of mind if the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) (citations omitted).

Here, Lewis alleges that defendants denied and delayed appropriate housing placement in violation of his flats permits, subjected him to medical trips and transfers that induced a high amount of physical and mental stress, and denied or delayed permits that would have allowed him to avoid the heat.  According to Lewis, Defendants' conduct caused painful physical symptoms, such as swelling of the hands and feet to the point where he could not use them, and physical incapacitation from illness.  Thus, Magistrate Judge Ellis's finding that the depravation was sufficiently serious is not clearly erroneous.  In addition, Lewis alleges that he verbally told

Dr. Lancellotti, Dr. Makram, and Nurse Boyd about these conditions and the effect it had on his health, but that all three failed to take adequate action with prison officials. Lewis also alleges that defendant Cunningham, Lowry, and Chiavaro were each personally involved in the complaints filed by Lewis and aware of Lewis's inadequate housing situation. Finally, Lewis alleges that Dr. Wright, with whom Lewis first addressed his initial deliberate indifference claim, disregarded Lewis's medical condition by failing to secure proper facilities for Lewis. With respect to defendants Pataki and Goord, however, Lewis does not allege that they personally disregarded any risk to his safety or health. Accordingly, Magistrate Ellis's finding that Lewis adequately stated a deliberate indifference claims against all defendants except Pataki and Goord is not clearly erroneous.

All Defendants assert a qualified immunity defense. A government actor performing a discretionary task is entitled to qualified immunity if either (a) his or her conduct did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his or her conduct did not violate such law. Almonte v. City of Long Beach, 478 F.3d 100, 108-9 (2d Cir. 2007).

First there are allegations supporting a claim of deliberate indifference to a serious medical need. Hathaway v. Coughlin, 37 F.3d 63, 67 (2d Cir. 1994). In addition, Magistrate Judge Ellis found that it was not "objectively reasonable" for defendants Cunningham, Chiavaro, Lowry, and Dr. Wright to believe that their alleged conduct was lawful. That finding is not clearly erroneous. Thus, these defendants are not entitled to qualified immunity at this stage of the proceedings. In contrast, Lewis acknowledges that neither defendants Dr. Lancellotti, Dr. Makram, and Boyd lacked the power to enforce the permits issued to Lewis. Therefore, as

5

Magistrate Judge Ellis found, it was reasonable for these defendants to think that they were not taking any action which violated Lewis's Eighth Amendment rights and are entitled to qualified immunity.

The Report also recommended that Lewis's retaliation claims be dismissed. To establish a claim of retaliation, the plaintiff must show that he engaged in speech or conduct that is protected, that the defendant took adverse action against the plaintiff, and that there is a causal connection between the protected speech or conduct and the adverse action. Davis v.Goord, 320 F.3d 346, 352 (2d Cir. 2003). An adverse action is "retaliatory conduct that would deter a similarly situated individual or ordinary firmness from exercising his or her constitutional rights." Id. at 353 (quotations omitted). Here, Lewis fails to allege that any particular defendant was personally involved in any retaliatory actions against him. Lewis's claims of allegedly adverse actions, many of which do not appear to be exhausted, involve other Woodbourne staff who are not defendants in the instant case. Therefore, Magistrate Judge Ellis correctly found that the retaliation claims should be dismissed.

Finally, Magistrate Ellis recommended that Plaintiffs's motion to certify a class be denied. Because Smith's claims have been dismissed, Lewis remains the sole plaintiff in this case. But Lewis has been released from custody, and he thus cannot fairly and adequately represent a class of currently incarcerated prisoners with chronic heart conditions, even if the record were to indicate that such a class existed. Accordingly, Lewis does not meet the requirements of Fed. R. Civ. P. 23(a).

The Court adopts Magistrate Judge Ellis's Report and Recommendation.

Defendants' motion to dismiss is GRANTED as to (1) all claims for damages against

defendants in their official capacity; (2) all claims by plaintiff Smith; (3) all retaliation claims (4) Lewis's claims for injunctive relief; and (5) all claims for monetary relief against defendants Pataki, Goord, Dr. Lancellotti, Dr. Makram, and Nurse Boyd.

Defendants' motion to dismiss is DENIED as to Lewis' deliberate indifference claim against Cunningham, Lowry, Wright, and Chiavaro, in their individual capacity. Plaintiff's motion for class certification is DENIED.

Dated: August 22, 2007
      New York, New York

SO ORDERED:

*[signature]*

GEORGE B. DANIELS
United States District Judge