USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 30 MAR 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

JOHN LEWIS,

                Plaintiff,

-against-

RAYMOND CUNNINGHAM, STEVEN LOWRY, PETER CHIAVARO, FRANK LANCELLOTTI, M.D., MERVAT MAKRAM, DENISE BOYD, COMMISSIONER GLEN GOORD, GOVERNOR PATAKI, LESTER WRIGHT,

                Defendants.

MEMORANDUM DECISION
AND ORDER
05 Civ. 9243 (GBD) (RLE)

------------------------------------x

GEORGE B. DANIELS, United States District Judge:

      John Lewis alleges violations of his Eighth Amendment rights by various prison officials because he allegedly received inadequate medical treatment for his heart condition while he was housed at the Woodbourne Correctional Facility. Specifically, he alleges that Defendants exhibited deliberate indifference to his medical needs by denying or delaying medically appropriate housing, subjecting him to physically and mentally stressful medical trips, and denying him permits to avoid the heat. Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56 to dismiss his claims.

      This Court referred the matter to Magistrate Judge Ronald Ellis for his Report and Recommendation ("Report"). Magistrate Judge Ellis issued a Report recommending that this Court grant the motion for summary judgment because Lewis failed to create an issue of material fact regarding Defendants' deliberate indifference to his medical care.

      The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections

to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Magistrate Judge Ellis properly concluded Lewis' Eighth Amendment claim fails because there is no evidence that Defendants "act[ed] with a sufficiently culpable state of mind." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). There is no evidence in the record that any prison official should have known that their failure to honor his medical permits from his previous facility would cause him to suffer stress and exposure to the heat. Further, there is no evidence that any Defendant intentionally delayed medical care or intended him harm.

Even if a reasonable jury could conclude that Lewis established his Eighth Amendment claim, Magistrate Judge Ellis properly concluded that the Defendants are entitled to Qualified Immunity. Reasonable officials in Defendants' positions could have believed their conduct was lawful since Lewis' particular dietary, housing and other medical needs were not readily apparent, and reasonable officers could disagree about whether it was illegal to not automatically honor the permits of another facility.

Conclusion

This Court adopts the Report and Recommendation in its entirety. Defendants motion for summary judgment is GRANTED. Plaintiff's complaint is DISMISSED.

Dated: March 30, 2011
      New York, New York

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge